**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed December 1, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00775-CR

## IN RE BRADLEY J. BARTON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1206429**

---

## MEMORANDUM OPINION

On November 12, 2020, relator Bradley J. Barton filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Nikita Harmon, presiding judge of the 176th District Court of Harris County, to "rescind a 2010 unconstitutional order . . . that curtails [relator's] freedom of speech, etc."

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(j) (requiring certification that person filing petition has reviewed petition and concluded that every factual statement in petition is supported by competent evidence included in appendix or record); 52.3(k)(1)(A) (requiring appendix to contain certified or sworn copy of any order complained of, or any other document showing matter complained of); 52.7(a)(1) (requiring relator to file with petition certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding)[1]; 52.7(a)(2) (requiring relator to file with petition properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or statement that no testimony was adduced in connection with matter complained). *See In re Hughes*, 607 S.W.3d 136, 137–38 & n.2 (Tex. App.—Houston [14th Dist.] 2020. orig. proceeding).

Accordingly, we dismiss relator's petition for writ of mandamus without prejudice to refiling in conformity with the above-cited rules.

---

[1] The legislature has provided an alternate method of meeting the requirement of sworn copies—an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. An unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* § 132.001(c). Section 132.001(e) sets forth the form for an unsworn declaration by an inmate:

My name is _____ _____ _____, my date of birth is _____,
          (First)      (Middle)     (Last)
and my inmate identifying number, if any, is _____. I am presently incarcerated
in _____ in _____, _____, _____, _____.
 (Corrections unit name)    (City)     (County)    (State)   (Zip Code)
I declare under penalty of perjury that the foregoing is true and correct.
     Executed on the _____ day of _____, _____.
               (Month)    (Year)
                                _____
                                     Declarant

2

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).